UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MIREILLE ELIACIN, on behalf of herself,
individually, and on behalf of all others similarly-
situated,

                      Plaintiff,

      -against-

STAFF PRO, INC., d/b/a ALLIED UNIVERSAL
EVENT SERVICES,

                      Defendant.
-----------------------------------------------------------------------X

**COMPLAINT**

Docket No.:

Jury Trial Demanded

MIREILLE ELIACIN ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against STAFF PRO, INC., d/b/a ALLIED UNIVERSAL EVENT SERVICES ("Defendant"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1. This is a civil action for damages and equitable relief based upon Defendant's violations of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers pay all wages owed to their employees who perform manual labor not less frequently than on a weekly basis, NYLL § 191(1)(a); (iv) the NYLL's requirement that employers provide on each payday wage statements to their employees containing

1

specific categories of accurate information, NYLL § 195(3); (v) the NYLL's requirement that employers provide employees with a wage notice at the time of hire containing specific categories of accurate information, NYLL § 195(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2.     Plaintiff worked for Defendant - - a California-based corporation registered to do business in New York, which does business nationwide as a security company providing, *inter alia*, on-site security guards to various businesses and residences - - as a non-managerial security guard in East Elmhurst, New York, from January 2018 through August 15, 2019.  As described below, at times throughout her employment, Defendant willfully failed to pay Plaintiff the overtime wages lawfully due to her under the FLSA and the NYLL.  Specifically, during those times, Defendant required Plaintiff to work, and Plaintiff did work, in excess of forty hours in a week, yet Defendant frequently failed to compensate Plaintiff at the statutorily-required overtime rate of one and one-half times the weighted average of her regular rates of pay for all hours that she worked in excess of forty in a week.  Instead, when Plaintiff worked over forty hours during one week, Defendant would pay Plaintiff for only forty hours of work for that week, and then for the following week, Defendant would reduce Plaintiff's hours worked by the number of overtime hours worked in the prior week, and then pay Plaintiff's overtime hours from the previous week at a straight time rate during that subsequent week.

3.     In further violation of the NYLL, Defendant failed to: pay Plaintiff, a manual worker, all wages owed at least as frequently as on a weekly basis; provide Plaintiff with accurate wage statements on each payday; and provide Plaintiff with any wage notice at the time of hire, let alone a notice that accurately contained all of the criteria that the NYLL requires.

4.      Defendant paid and treated all of its non-managerial security guards in a similar manner.

5.      Accordingly, Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendant's willful violations of the FLSA. Plaintiff brings her NYLL and NYCRR claims on behalf of herself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-into this action.

6.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendant's violations of the NYLL and the NYCRR.

## JURISDICTION AND VENUE

7.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9.      From January 2018 through August 15, 2019, Plaintiff worked for Defendant in New York and was an employee entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10. At all relevant times, Defendant was and is a California corporation with a principal place of business located in Santa Ana, California, and that is registered to do business in New York, with offices located at 28 Liberty Street, New York, New York 10005.

11. At all relevant times herein, Defendant was and is an "employer" within the meaning of the FLSA and the NYLL. Additionally, Defendant's qualifying annual business exceeded and exceeds $500,000, and Defendant was and is engaged in interstate commerce within the meaning of the FLSA, as it employs two or more employees and does business nationwide, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime compensation, as well as liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendant, who during the applicable FLSA limitations period, performed work for Defendant as non-managerial security guards, and who consent to file a claim to recover unpaid overtime and liquidated damages that are legally due to them ("FLSA Plaintiffs").

13. Defendant treated Plaintiff and FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay, or one and one-half times the weighted average of their respective regular rates of pay, for all hours worked per workweek in excess of forty.

14. At all relevant times, Defendant is and has been aware of the requirements to pay Plaintiff, and all FLSA Plaintiffs, at an amount equal to the rate of one and one-half times their respective regular rates of pay, or one and one-half times the weighted average of their respective regular rates of pay, for all hours worked each week over forty, yet it purposefully and willfully chose and chooses not to do so.

15. Thus, all FLSA Plaintiffs are victims of Defendant's practice of willfully refusing to pay its employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

16. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on her own behalf, as well as on behalf of those who are similarly-situated who, during the applicable limitations period, were subjected to violations of the NYLL and the NYCRR.

17. Under FRCP 23(b)(3), Plaintiff must plead that:
   a. The class is so numerous that joinder is impracticable;
   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;
   c. Claims or defenses of the representative are typical of the class;
   d. The representative will fairly and adequately protect the class; and
   e. A class action is superior to other methods of adjudication.

18. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former non-managerial security guards, who during the applicable NYLL limitations period, performed any work for Defendant in New York.

<u>Numerosity</u>

19. During the applicable NYLL limitations period, which extends back six years prior to the filing of this Complaint plus any applicable tolling time pursuant to Governor Andrew M. Cuomo's executive orders, Defendant has, in total, employed at least forty employees that are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

20. There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendant required and requires each Rule 23 Plaintiff to perform; (2) whether Rule 23 Plaintiffs worked in excess of forty hours in a week; (3) whether Defendant failed to pay Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty in a week; (4) whether the Defendant paid and pays Rule 23 Plaintiffs all wages owed not less frequently than on a weekly basis; (5) whether Defendant furnished and furnishes Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3); (6) whether Defendant furnished and furnishes Rule 23 Plaintiffs with an accurate wage notice at the time of hire containing the information required by NYLL § 195(1); (7) whether Defendant kept and maintained accurate records of hours worked by Rule 23 Plaintiffs; (8) whether Defendant kept and maintained records with respect to the compensation that it paid to Rule 23 Plaintiffs for each hour worked; (9) whether Defendant has any affirmative defenses to any of Rule 23 Plaintiffs' claims; (10) whether Defendant's actions with respect to Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (11) if so, what constitutes the proper measure of damages.

21. As described in the "Background Facts" section below, Defendant employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom she seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendant as non-managerial security guards, and Defendant did not: pay them overtime pay for all hours worked in a week over forty; and/or pay them all wages owed at least as frequently as on a weekly basis; and/or provide them with accurate wage statements on each payday; and/or provide them with an accurate wage notice at the time of hire. Plaintiff and Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to: receive overtime wages for all hours worked each week over forty; be paid all wages owed not less frequently than on a weekly basis; be furnished with accurate wage statements on each payday; and be furnished an accurate wage notice at the time of hire. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL and its supporting regulations. Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation, late compensation, or under compensation due to Defendant's common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendant's defenses to those claims.

<u>Adequacy</u>

22. Plaintiff, as described below, worked with the same or similar hours as the Rule 23 Plaintiffs throughout her employment with Defendant. Defendant did not: pay Plaintiff overtime for all hours worked over forty in a week; pay Plaintiff all wages owed at least as frequently as on a weekly basis; and furnish Plaintiff with accurate wage statements on each payday or with an accurate wage notice at the time of hire, which is substantially similar to how Defendant paid and treated the Rule 23 Plaintiffs. Plaintiff fully anticipates providing discovery responses and

testifying under oath as to all matters raised in this Complaint and that will be raised in Defendant's Answer that pertain to her.  Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendant has subjected to the treatment alleged herein.

23. Additionally, Plaintiff's counsel has substantial experience in this field of law.

Superiority

24. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendant treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

25. Any lawsuit brought by any non-managerial security guard employed or formerly employed by Defendant would be identical to a suit brought by any other similar employee for the same violations as alleged herein.  Thus, separate litigation would risk inconsistent results.

26. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

**BACKGROUND FACTS**

27. Defendant is a California-based corporation that does business nationwide as a company that provides on-site security guards to various businesses and residences.

28. From January 2018 through August 15, 2019, Plaintiff worked for Defendant as a non-managerial security guard at a homeless shelter located at 94-00 Ditmars Boulevard, East Elmhurst, New York 11369.  Plaintiff's job responsibilities included foot patrols of the facility, providing security at the entrance, searching visitors entering the building for weapons, scanning visitors through the metal detector and computer tomography scanners, and guarding the front desk at the entrance.  Indeed, at least twenty-five percent of Plaintiff's work included performing manual work.

29. Defendant paid Plaintiff on a weekly basis by check for up to only forty hours of work in a week.

30. Virtually every other week throughout her employment, Defendant required Plaintiff to work, and Plaintiff did work, five days, Monday and Tuesday from 4:00 p.m. until 8:00 a.m. the following morning, and Wednesday, Thursday, and Saturday from 4:00 p.m. until 12:00 a.m., all without a scheduled or uninterrupted break, for a total of fifty-six hours of work during those weeks.

31. In exchange for her work, from in or around January 2018 through on or around April 31, 2019, Defendant compensated Plaintiff on an hourly basis at the rate of $13.00 per hour for her work from Sunday through Friday, and $17.00 per hour for her work on Saturdays. From on or around May 1, 2019, through the termination of her employment on August 15, 2019, Defendant compensated Plaintiff on an hourly basis at the rate of $15.50 per hour for her work from Sunday through Friday, and $17.00 per hour for her work on Saturdays.

32. Throughout her employment, Defendant failed to pay Plaintiff at the rate of one and one-half times her weighted average regular rate of pay for the hours that she worked in a week in excess of forty, which occurred virtually every-other week. Instead, when Plaintiff worked over forty hours in a week, Defendant would pay Plaintiff for only forty hours of work for that first week, reduce Plaintiff's scheduled hours for the following week by the number of overtime hours that she worked in the preceding week, and then pay her at her regular rates for that second week for all hours worked during the first week for which Defendant did not pay her.

33. By way of example only, during the week of March 3 to March 9, 2019, Defendant required Plaintiff to work, and Plaintiff did work, five days, Monday and Tuesday from 4:00 p.m. until 8:00 a.m. the following morning, and Wednesday, Thursday, and Saturday from 4:00 p.m.

until 12:00 a.m., all without a scheduled or uninterrupted break, for a total of fifty-six hours of work for that week. For her work this week, Defendant paid Plaintiff at her regular rate of $13.00 for thirty-two hours worked on Monday, Tuesday, Wednesday, and Thursday, and $17.00 for all hours worked on Saturday. Defendant then reduced Plaintiff's scheduled hours during the following week by sixteen, and then paid Plaintiff for her sixteen hours of overtime for the first week during the following week at her straight time rate of $13.00 per hour, instead of at least one and one-half times the weighted average of her regular rates of pay for those hours.

34. By way of another example, during the week of June 2 to June 8, 2019, Defendant required Plaintiff to work, and Plaintiff did work, five days, Monday and Tuesday from 4:00 p.m. until 8:00 a.m. the following morning, and Wednesday, Thursday, and Saturday from 4:00 p.m. until 12:00 a.m., all without a scheduled or uninterrupted break, for a total of fifty-six hours of work for that week. For her work this week, Defendant paid Plaintiff at her regular rate of $15.50 for thirty-two hours worked on Monday, Tuesday, Wednesday, and Thursday, and $17.00 for all hours worked on Saturday. Defendant then reduced Plaintiff's scheduled hours during the following week by sixteen, and then paid Plaintiff for her sixteen hours of overtime for the first week during the following week at her straight time rate of $13.00 per hour, instead of at least one and one-half times the weighted average of her regular rates of pay for those hours.

35. On each occasion when Defendant paid Plaintiff according to the scheme detailed herein, Defendant failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, the number of hours worked or Plaintiff's overtime rates of pay for all of her hours worked in excess of forty during each week.

36. Additionally, upon hire, Defendant failed to provide Plaintiff with any wage notice, let alone one that accurately listed, *inter alia*, Plaintiff's rates of pay and the basis thereof (e.g. hourly, daily, per shift), and the name and telephone number of the employer.

37. Defendant treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

38. Defendant acted in the manner described herein in order to maximize its profits while minimizing its labor costs and overhead.

39. Each hour that Plaintiff worked was for Defendant's benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Overtime Under the FLSA*

40. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

41. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the weighted average of their respective regular rates of pay, for all hours worked exceeding forty in a workweek.

42. As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

43. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the FLSA's overtime provisions.

44. Defendant willfully violated the FLSA.

45. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times the weighted average of their respective regular rates of pay.

46. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Overtime Under the NYLL and the NYCRR*

47. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the weighted average of their respective regular rates of pay, for all hours worked exceeding forty in a workweek.

49. As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action are employees within the meaning of the NYLL and the NYCRR.

50. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

51. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times the weighted average of their respective regular rates of pay.

52. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Pay Timely Wages in Violation of the NYLL*

53. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54. NYLL § 191(1)(a) requires employers to pay manual workers all wages owed on at least as frequently as a weekly basis.

55. As described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action were manual workers within the meaning of the NYLL, yet Defendant failed to pay them all wages owed on at least as frequently as a weekly basis.

56. As a result, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action are entitled to liquidated damages in an amount equal to 100% of each late payment, as well as interest and attorneys' fees.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

57. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

59. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action are employees within the meaning of the NYLL.

60. As also described above, Defendant, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action with wage statements that accurately contained all of the criteria required under the NYLL.

61. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action in the amount of $100.00 for each workweek after the violation occurred, up to a statutory cap of $2,500.00.

62. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action in the amount of $250.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Proper Wage Notice in Violation of the NYLL*

63. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

65. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action are employees within the meaning of the NYLL.

66. As also described above, Defendant failed to provide Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action with any wage notice at hire, let alone one that accurately contained all of the criteria required under the NYLL.

67. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $50 for each workweek after the violation occurred, up to a statutory cap of $2,500.00.

68. On or after February 27, 2015, Pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action in the amount of $50.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00.

## **DEMAND FOR A JURY TRIAL**

69. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendant from any retaliation against Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs for participation in any form in this litigation;

  d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

  f. Designation of Plaintiff and her counsel as class/collective action representatives under the FRCP and the FLSA;

  g. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendant's unlawful payment practices;

  h. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  i. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and any other costs, and an award of a service payment to Plaintiff;

  j. Pre-judgment and post-judgment interest, as provided by law; and

k.  Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
January 26, 2021

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 200
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By: _____
MATTHEW J. FARNWORTH (MF 0304)
ALEXANDER T. COLEMAN (AC 8151)
MICHAEL J. BORRELLI (MB 8533)